E-FILED
Wednesday, 03 June, 2026 12:45:44 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| HECTOR FERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-3212 |
| | ) | |
| BRIGHT, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER #2**

Plaintiff, proceeding pro se and presently incarcerated at Graham Correctional Center, filed this case pursuant to 42 U.S.C. § 1983. (Doc. 1). The Court's Merit Review Order dismissed Plaintiff's complaint with leave to amend within 30 days. (Doc. 8). The Court dismissed this case when it did not receive any further filings from Plaintiff. Text Order entered Jan. 8, 2026.

**Plaintiff's Motions to Reconsider (Docs. 11, 12, 13)**

Plaintiff filed three motions to reconsider stating that he mailed a proposed amended complaint to the Court via institutional mail on November 21, 2025. He attached to his most recent motion the proposed amended complaint he says he sent to the Court. (Doc. 13 at 4-11). Plaintiff asks the Court to reopen this case and to screen his amended complaint. Plaintiff's motions are granted.

**Screening of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A**

The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim

Page **1** of **4**

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that his cellmate sexually assaulted him. He alleges that, prior to the assault, he sent written correspondence to Defendants Greene and Little stating that he was scared that his cellmate would attack him based on his cellmate's previous assaults. Plaintiff alleges that he told Defendant Bright three days before the attack that he feared an attack would occur. Plaintiff alleges that these defendants did nothing in response.

Plaintiff states an Eighth Amendment failure-to-protect claim against Defendants Greene, Little, and Bright in their individual capacities. *Gevas v. McLaughlin*, 798 F.3d 475, 480-81 (7th Cir. 2015). Plaintiff does not make any allegations against previously named Defendant Goins. The Court will dismiss this defendant.

**IT IS THEREFORE ORDERED:**

    1.    **Plaintiff's Motions [11][12][13] are GRANTED. The Court's Text Order entered January 8, 2026, and judgment [10] are VACATED. Clerk is directed to reopen this case.**

    2.    **Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion [13].**

    3.    **Pursuant to its merit review of the Amended Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment failure-to-protect claim against Defendants Greene, Little, and Bright in their individual capacities. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

    4.    **This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to**

the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

5.      The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

6.      With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

7.      The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

8.      This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

9.      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

10.     The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11.     If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12.     The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13.     The clerk is directed to terminate Tara Goins as defendants.

14.     The clerk is directed to attempt service on Defendants Bright, Greene, and Little pursuant to the standard procedures.

Entered this 3rd day of June, 2026.


_s/Sara Darrow_
SARA DARROW
UNITED STATES DISTRICT JUDGE